UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE KOELTL

-------------------------------------------------------------------x

RENEE SMITH, Individually and on behalf of all others
similarly situated

                                *Plaintiff,*

            *-against-*

PHH CORPORATION, a New Jersey Corporation,
PHH MORTGAGE SERVICES and Does 1 through
20,

                                *Defendants.*

-------------------------------------------------------------------x

Civil Action No.

**08 CV 3018**

**CLASS ACTION**

**COMPLAINT FOR
DAMAGES AND
INJUNCTIVE RELIEF**

**DEMAND
FOR JURY
TRIAL**

MAR 25 2008
U.S.D.C. S.D. N.Y.
CASHIERS

      Plaintiff Renee Smith, individually and on behalf of all other similarly situated borrowers in the State of New York (the "Class"), by and through its attorneys Zraick, Nahas & Rich and Milstein, Adelman & Kreger, LLP, for its Complaint, respectfully allege against Defendants PHH Corporation and PHH Mortgage Services (collectively "Defendants"), as follows:

## NATURE OF THE ACTION

1.    This is a class action for monetary damages and injunctive relief against Defendants for false, misleading and improper lending practices in violation of 12 U.S.C. § 2607, New York State Real Property Tax Law § 952 *et. seq.*, and New York State General Business Law § 349 *et. seq.* Defendants charged and continue to charge a false, misleading and improper real estate settlement service fee attendant to cooperative unit lending.

1

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction over all causes of action asserted herein pursuant to 28 U.S.C § 1330 *et. seq.* and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(a).   Plaintiff has standing to bring this action pursuant to 12 U.S.C § 2607 *et. seq.*, New York State Real Property Tax Law § 952 *et. seq.*, and New York State General Business Law § 349 *et. seq.*

3.    Venue is proper in this Court under 28 U.S.C. § 1391 because the cooperative unit loan that is the subject of this action was negotiated, executed and secured from Defendants in Bronx County, the cooperative unit owned by Plaintiff and at issue in this action is located in Bronx County and Plaintiff resides in this County.   Defendants received substantial compensation from its loan practices, including loans secured against cooperative units in Bronx and the surrounding Counties.

## PARTIES

4.    Plaintiff is, and at all times relevant hereto was, an individual residing in Bronx County, New York State.   On March 4, 2008, Plaintiff, as part of their purchase of 159 Shares of  679 Owners Corporation allocated to Cooperative Apartment 1-K in the building known as 679 West 239th Street, Bronx, New York obtained a thirty (30) year fixed rate cooperative loan in the sum of $164,000.00 at an interest rate of 6.250% from PHH Mortgage Services. Prior to closing Plaintiff worked with a mortgage broker who provided in the RESPA required Good Faith Estimate the charge by PHH Mortgage Services of a Tax Service Fee in the sum of Eighty-Five ($85.00) Dollars.

2

5.      Defendant PHH Corporation is a New Jersey corporation with its principal executive offices located at 3000 Leaderhall Road, Mount Laurel, New Jersey 08054. PHH Corporation, directly and through its agents, has substantial contacts with and receives substantial benefits and income from and through the State of New York.  Upon information and belief, PHH Corporation is the parent company of PHH Mortgage Services.

6.      Defendant PHH Mortgage Services is, upon information and belief, a subsidiary of PHH Corporation with its principal executive offices located at 3000 Leaderhall Road, Mount Laurel, New Jersey 08054.  PHH Mortgage Services is the authorized generator and issuer of residential mortgage loans of Defendant PHH Corporation and was responsible for ensuring compliance with all Federal and State statutes and regulations pertaining to the generation and issuance of residential mortgage loans.  PHH Mortgage Services is the Lender of the loan to Plaintiff for her purchase of her cooperative apartment located at 679 West 239th Street, Bronx, New York.

7.      The true names and capacities, whether individual, corporate, associate or otherwise of certain corporate entities and/or their alter egos sued herein as DOES 1 through 20 inclusive are presently unknown to Plaintiff who therefore sues theses Defendants by fictitious names.  Plaintiff will seek leave of this Court to amend the Complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and based thereon alleges that DOES 1 through 20 were authorized to do and did business in Bronx County.  Plaintiff is further informed and

believes and based thereon alleges that DOES 1 through 20 were and/or are, in some manner or way, responsible for and liable to Plaintiff for the events, happenings, and damages hereinafter set forth below.

8.      Plaintiff is informed and believes and based thereon alleges that at all times relevant herein each of the Defendants was the agent, servant, employee, subsidiary, affiliate, partner, assignee, successor-in-interest, alter ego or other representative of each of the remaining Defendants and was acting in such capacity in doing the things herein complained of and alleged.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9.      General home owner mortgage lending practices are governed under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et. seq.* (commonly referred to, and referred to herein as "RESPA") as well as applicable State banking or consumer laws.

10.     In practice, and as provided for under RESPA, any entity that makes a federally regulated mortgage loan (hereinafter "Lender") can establish and maintain an escrow account (hereinafter "escrow account") established in connection with such loan for the purpose of assuring payment of taxes, insurance premiums or other charges with respect to the property.

11.     As a closing cost a Lender will charge a one time "tax service fee" for the cost to contact the taxing authority, create the tax escrow, and insure timely payment of applicable taxes.  Pursuant to 12 U.S.C. § 2609(c)(1)(A) and (C), disclosure of Lender's escrow

account via a statement must be provided any borrower at closing and may be reflected in the uniform settlement statement required under 12 U.S.C. § 2603.

12.    New York State Real Property Tax Law § 952 *et. seq.*, establishes a Lender's right to create and maintain an escrow account for real property, the same being defined as property used primarily for residential purposes for one to six families, including condominium forms of ownership.

13.    Although recognized as real property ownership, Cooperative unit ownership varies from other traditional forms of real property ownership.  Cooperative unit ownership is obtained on the issuance of a stock certificate of the residential housing corporation (the "Cooperative Corporation") that owns the subject building and the execution of a Proprietary Lease or Occupancy Agreement by a unit purchaser and the Cooperative Corporation.  The unit purchaser becomes a shareholder of the Cooperative Corporation that owns the entire building, and the lease/occupancy agreement contains the terms by which an owner can use and occupy the unit space.  The Cooperative Corporation remains the owner of the real property subject to real estate taxes, and the unit space is not identified by an individual tax lot designation.

14.    Cooperative Corporations, via the lease/occupancy agreements, charge maintenance fees to unit owners, remittance of which is used to pay the operating expenses of the Cooperative Corporation, which includes remittance of the real estate taxes applicable to the entire real estate so burdened.  An escrow created by a Lender in regard

to a loan to a unit purchaser for this purpose would not only be inappropriate but unenforceable.

15.    Defendants are providers of numerous home loans across the nation, including loans to consumers purchasing cooperative units.  Pursuant to RESPA disclosure requirements, Defendants disclose the intended "tax service fee" and at closing collect this fee as a settlement service charge on loans issued to borrowers purchasing cooperative units and secured against the borrowers' stock in the Cooperative Corporation.  On these loans to consumers purchasing cooperative units, Defendants do not actually provide any "tax service" nor is an escrow account created or maintained.

16.    Indeed, on March 4, 2008, Plaintiff, as part of her purchase of 159 Shares of 679 Owners Corporation allocated to Cooperative Apartment 1-K in the building known as 679 West 239th Street, Bronx, New York, obtained a thirty (30) year fixed rate cooperative loan in the sum of $164,000.00 at an interest rate of 6.250% from PHH Mortgage Services. Prior to closing Plaintiff worked with a mortgage broker who provided in the RESPA required Good Faith Estimate the charge by PHH Mortgage Services of a Tax Service Fee in the sum of Eighty-Five ($85.00) Dollars.  At closing, the Tax Service Fee was referenced on the Settlement Statement as "Tax Service Fee to First American Tax Service" but no "tax service" was ever provided by Defendants.

17.    Upon information and belief Defendants have made thousands upon thousands of loans to consumers of residential cooperative units.

18.    In committing the wrongful acts alleged herein, Defendants planned and participated in and furthered a common scheme by means of false, misleading and improper real estate settlement practices.  Defendants participated in said acts by falsely disclosing a "tax service fee" on loans secured by an interest in cooperative units and further collecting this fee at closing without providing services for the same.

19.    Defendants, upon becoming involved with the residential mortgage lending industry and pursuant to Federal and State law, knew or should have known not to disclose or charge a "tax service fee" to persons purchasing cooperative units, including Plaintiff and members of the Class.  Defendants affirmatively misrepresented their lending practices in order to convince Plaintiff and members of the Class to finance with Defendants, resulting in profits of millions of dollars to Defendants, all to the damage and detriment of Plaintiff, the Class and the consuming public. Defendants knew or should have known of the affirmative misrepresentations made concerning their lending practices. Thus, in addition to the wrongful conduct herein alleged as giving rise to primary liability, Defendants further aided and abetted and knowingly assisted each other in breach of their respective duties and obligations as herein alleged.

## CLASS ACTION ALLEGATIONS

20.    Plaintiff brings this action on her own behalf and on behalf of all other persons similarly situated pursuant to Federal Rule of Civil Procedure 23(b)(3).

21.    The Class which Plaintiff seeks to represent is composed of all persons in the State of New York who obtained purchase money or refinance loans from Defendants between

March 4, 2005 and the present secured by an interest in a cooperative unit under which loans Defendants disclosed and/or charged a "tax service fee".

22.    Said definition may be further defined or amended by additional pleadings, evidentiary hearings, a class certification hearing, and orders of this Court.

23.    The requirements for maintaining this action as a class action are satisfied in that:

a.    It is impracticable to bring the entire Class before the court. Plaintiff estimates that there are tens of thousands members of the Class and that their identities can be ascertained from Defendants' books and records.  Attempting to join and name each Class member as co-Plaintiff would be unreasonable and impracticable.

b.    The prosecution of separate actions by individual Class members or the individual joinder of all Class members in this action is impracticable and would create a massive and unnecessary burden on the resources of the courts and could result in inconsistent adjudications, while a single class action can determine with judicial economy the rights of each member of the Class.

c.    Because of the disparity of resources available to Defendants versus those available to individual Class members, prosecution of separate actions would work a financial hardship on many Class members.

d.    The conduct of this action as a class action conserves the resources of the parties and the court system, protects the rights of each member of the Class, and meets all due process requirements as to fairness to Defendants. The conduct of the class action is also far

superior to individual claims, all arising out of the same circumstances and course of conduct.

e.    The claims or defenses of the representative Plaintiff are typical of the claims or defenses of each member of the Class.

f.    The Plaintiff will fairly and adequately protect the interests of the Class.  Each Class member's interests are consistent with, and not antagonistic to, those of Plaintiff.

g.    Plaintiff also seeks all legally available damages.

h.    Furthermore, Plaintiff is represented by experienced class action counsel.

i.    Upon certification, notice can be efficiently and effectively accomplished since class members' identities and locations can easily be ascertained from Defendants' records.  Letters can be sent via first class mail to all the Class to provide notice of the class action.

24.    There are questions of law and fact common to the Class, which are substantially similar and predominate over the questions affecting the individual Class members.  Among these common questions of law and fact are:

a.    Whether Defendants intentionally charged, and continue to charge, a false, misleading and improper real estate settlement service fee attendant to cooperative unit lending;

b.    Whether Defendants charge and collect a "tax service fee" for cooperative unit lending without actually providing any "tax service";

    c.       Whether Defendants affirmatively misrepresented their lending practices in order to induce class members to finance with Defendants;

    e.       Whether Defendants engaged in unfair and misleading business practices in violation of New York statutory consumer protection laws to the detriment of Plaintiff and the Class;

    f.       Whether Defendants' scheme of disclosing and charging a "tax service fee" when no "tax service" is actually provided violates RESPA, 12 U.S.C. § 2607;

    g.       Whether Defendants' conduct violates New York State Real Property Tax Law § 952, *et. seq.*;

    h.       Whether Plaintiff and the Class have sustained damages and the proper measure of those damages.

## FIRST CAUSE OF ACTION

### IN VIOLATION OF 12 U.S.C. § 2607 *et. seq.*

**(By Plaintiff against all Defendants)**

25.    Plaintiff repeats and realleges Paragraphs 1 through 24, inclusive, and incorporate the same as if set forth herein at length.

26.    12 U.S.C. § 2607 states, in pertinent part:

(b)  Splitting charges

No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed.

(d)  Penalties for violations; joint and several liability; treble
damages; actions for injunction by Secretary and by State
officials; costs and attorney fees; construction of State laws

(2) Any person or persons who violate the prohibitions or
limitations of this section shall be jointly and severally liable to
the person or persons charged for the settlement service
involved in the violation in an amount equal to three times the
amount of any charge paid for such settlement service.

(5) In any private action brought pursuant to this subsection,
the court may award to the prevailing party the court costs of
the action together with reasonable attorney's fees.

27.    Defendants, in their negotiation, processing and issuance of cooperative unit
loans charged Plaintiff and members of the Class and continue to charge the consuming
public a false, misleading and improper real estate settlement service fee attendant to
cooperative unit lending.

28.    Plaintiff is informed and believes and based thereon alleges that Defendants
knew or should have known not to disclose or charge a "tax service fee" to borrowers
purchasing cooperative units.

29.    As alleged in the preceding paragraphs, the acts by Defendants detailed above
are in express violation of RESPA, 12 U.S.C. § 2607.

30.    Plaintiff and the members of the Class seek an order of this Court enjoining
Defendants from continuing to engage, use, or employ their practice of disclosing and
charging the false, misleading and improper real estate settlement service fee attendant to
cooperative unit lending.  Likewise, Plaintiff and the members of the Class seek an order

requiring Defendants to disclose such misrepresentations, and additionally request an order awarding Plaintiff restitution of the money wrongfully acquired by Defendants pursuant to 12 U.S.C. § 2607 (d) in an amount equal to three times the amount of any charge paid for such settlement service.

## SECOND CAUSE OF ACTION

## IN VIOLATION OF NEW YORK STATE

## REAL PROPERTY TAX LAW § 952 *et. seq.*

### (By Plaintiff against all Defendants)

31.    Plaintiff repeats and realleges Paragraphs 1 through 30, inclusive, and incorporates the same as if set forth herein at length.

32.    New York State Real Property Tax Law § 952 *et. seq.*  defines the type of real property for which a real estate tax escrow can be maintained in New York State as property used primarily for residential purposes for one to six families, including condominium forms of ownership, but not cooperative forms of ownership.

33.    Pursuant to New York State Real Property Tax Law § 957(2): "whenever the court shall determine that a defendant has engaged in repeated fraudulent or illegal acts…the court may impose a civil penalty of not more that one thousand dollars for each violation…:

34.    Defendants, in their negotiation, processing and issuance of cooperative unit loans charged Plaintiff and members of the Class and continue to charge the consuming

public a false, misleading and improper real estate settlement service fee attendant to cooperative unit lending.

35.     Plaintiff is informed and believes and based thereon alleges that Defendants knew or should have known not to disclose or charge a "tax service fee" to borrowers purchasing cooperative units.

36.     As alleged in the preceding paragraphs, the acts by Defendants detailed above are in express violation of New York State Real Property Tax Law § 952 *et. seq.*

37.     Plaintiff and the members of the Class seek an order of this Court enjoining Defendants from continuing to engage, use, or employ their practice of disclosing and charging the false, misleading and improper real estate settlement service fee attendant to cooperative unit lending.  Likewise, Plaintiff and the members of the Class seek an order requiring Defendants to disclose such misrepresentations, and additionally request an order awarding Plaintiff restitution of the money wrongfully acquired by Defendants pursuant to New York State Real Property Tax Law § 952 *et. seq.* in an amount equal to one thousand dollars for each violation.

**THIRD CAUSE OF ACTION**

**DECEPTIVE ACTS AND PRACTICES IN VIOLATION OF NEW YORK STATE**

**GENERAL BUSINESS LAW § 349 *et. seq.***

**(By Plaintiff against all Defendants)**

38.         Plaintiff repeats and realleges Paragraphs 1 through 37, inclusive, and incorporates the same as if set forth herein at length.

39.         Defendants, in their negotiation, processing and issuance of cooperative unit loans with Plaintiff and members of the Class planned and participated in and furthered a common scheme by means of false, misleading and improper real estate settlement practices.  Defendants participated in these acts by falsely disclosing a "tax service fee" on cooperative unit loans and further collecting this fee at closing without actually providing any "tax services".

40.         Plaintiff is informed and believes and based thereon alleges that Defendants knew or should have known not to disclose or charge a "tax service fee" to borrowers purchasing cooperative units.

41.         As alleged in the preceding paragraphs, the false, misleading and improper acts and practices by Defendants of the material facts detailed above constitute deceptive acts and an unfair and fraudulent business practice within the meaning of New York State General Business Law § 349 *et. seq*.

42.    Pursuant to New York State General Business Law § 349 *et. seq*., Plaintiff and the members of the Class seek an order of this Court enjoining Defendants from continuing to engage, use, or employ their practice of disclosing and charging the false, misleading and improper real estate settlement service fee attendant to cooperative unit lending.  Likewise, Plaintiff and the members of the Class seek an order requiring Defendants to disclose such misrepresentations, and additionally request an order awarding Plaintiff restitution of the money wrongfully acquired by Defendants by Defendants' failure to disclose the existence and significance of said misrepresentations.

43.    Defendants' actions as described in this Complaint were done with conscious disregard of Plaintiff's rights and Defendants were wanton and malicious in their concealment of same.  Plaintiff is therefore entitled, in the court's discretion, to an increase in the award of damages not to exceed three times the actual damages up to one thousand dollars.

44.    The claims of the representative Plaintiff are typical of the claims of the Class, and the representative Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel who are competent and experienced in class action and other complex litigation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of themselves and on behalf of the members of the Class defined herein, pray for judgment and relief on all Causes of Action as follows:

A.      A determination that this action is a proper class action maintainable under Federal Rule of Civil Procedure 23 and certifying an appropriate Plaintiff Class; certifying Plaintiff as Class representative; and appointing Plaintiff's counsel as counsel for the Class;

B.      Compensatory damages in an amount to be proven at trial;

C.      An increase in the compensatory damages to an amount not to exceed three times the actual damages up to one thousand dollars;

D.      An order enjoining Defendants from pursuing the policies, acts, and practices complained of herein and requiring Defendants to pay restitution to Plaintiff and all members of the Class;

E.      Reasonable attorneys' fees;

F.      Costs of this suit; and

G.      Such other and further relief as the Court may deem necessary or appropriate.

DATED: March 21, 2008

Yours, etc.

ZRAICK, NAHAS & RICH

By: _____
Stuart E. Nahas, Esq.
Attorneys for Plaintiff
303 Fifth Avenue
New York, New York 10016
(212) 686-0855

16

**MILSTEIN, ADELMAN & KREGER, LLP**

By: _____
Wayne S. Kreger, Esq.
Attorneys for Plaintiff
2800 Donald Douglas Loop North
Santa Monica California 90405
(310) 396-9600

17

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all issue so triable.

DATED: March 21, 2008

Yours, etc.

**ZRAICK, NAHAS & RICH**

By: _____
Stuart E. Nahas, Esq.
Attorneys for Plaintiff
303 Fifth Avenue
New York, New York 10016
(212) 686-0855

**MILSTEIN, ADELMAN & KREGER, LLP**

By: _____
Wayne S. Kreger, Esq.
Attorneys for Plaintiff
2800 Donald Douglas Loop North
Santa Monica California 90405
(310) 396-9600

Sen/2008-53/PHH Complaint

18