IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RENEE SMITH,<br>Individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PHH CORPORATION, *et al.*,<br><br>　　　　　Defendants. | Case No.: 08-CV-3018 (JGK)(MHD)<br><br>**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF PARTIAL MOTION TO DISMISS COMPLAINT AND MOTION TO STRIKE AND/OR MODIFY CLASS ALLEGATIONS** |

Daniel F. Markham (DM 8431)
COUGHLIN DUFFY LLP
Wall Street Plaza
88 Pine Street, 5th Floor
New York, New York 10005
Telephone: (212) 483-0105
Facsimile: (212) 480-3899
dmarkham@coughlinduffy.com

David M. Souders (admitted *pro hac vice*)
WEINER BRODSKY SIDMAN KIDER PC
1300 19th Street, NW, Fifth Floor
Washington, DC 20036
Telephone: (202) 628-2000
Facsimile: (202) 628-2011
souders@wbsk.com

Attorneys for Defendants PHH Corporation
and PHH Mortgage Corporation

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................... ii

INTRODUCTION ............................................................................................................1

BACKGROUND .............................................................................................................2

LEGAL STANDARD ......................................................................................................4

ARGUMENT ...................................................................................................................4

    I.      The Complaint Fails to State a Claim Against PHH Corporation ............4

    II.     The Second Cause of Action Should be Dismissed for Failure to State a Claim and Because There is No Private Right of Action for Enforcement of Real Property Tax Law § 953(4) ....................................6

    III.    The Court Should Strike the Class Allegations in Plaintiff's State Law Claims ...................................................................................................8

    IV.    Plaintiff's Purported RESPA Class Should be Limited In Scope to One Year ...........................................................................................10

CONCLUSION ..............................................................................................................11

---

# TABLE OF AUTHORITIES

## CASES

*ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87 (2d Cir. 2007) ..................4

*Abdelhamid v. Altria Group, Inc.*, 515 F. Supp. 2d 384 (S.D.N.Y. 2007) ....................4, 5

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007) .....................................................4

*Carte Blanche (Singapore) Pte., Ltd. v. Diners Club Intern., Inc.*,
   2 F.3d 24 (2d Cir. 1993) ..................................................................................................5

*Corte Indus., Inc. v. Sun Holding, L.P.*, 949 F.2d 42 (2d Cir. 1991).....................................3

*In re Relafen Antitrust Litigation*, 221 F.R.D. 260 (D. Mass. 2004) .................................10

*Leider v. Ralfe*, 387 F. Supp. 2d 283 (S.D.N.Y. 2005) ...................................................9, 10

*McKay v. Sacks*, No. 05-CV-2307, 2005 WL 1206810 (E.D.N.Y. May 20, 2005) ..........10

*Menaldi v. Pay-Per-View Network, Inc.*, No. 97-CV-6451,
   1998 WL 230994 (S.D.N.Y. May 5, 1998) ....................................................................3

*National Union Fire Insurance Co. of Pittsburgh, PA v. Hicks, Muse, Tate & Furst, Inc.*,
   No. 02 Civ. 13343, 2002 WL 1482625 (S.D.N.Y. July 10, 2002) ..................................5

*Neitzke v. Williams*, 490 U.S. 319 (1989) ...........................................................................4

*Ricciuti v. New York City Transit Authority*, No. 90-CV-2823, 1991 WL 221110
   (S.D.N.Y. Oct. 3, 1991) ..................................................................................................1

*Smith v. Wells Fargo Co.*, No. 08-Civ. 0564, slip op. (S.D.N.Y. Apr. 2, 2008)..................7

## STATUTES

Fed. R. Civ. P. 12(b)(6) .........................................................................................................4

Fed. R. Civ. P. 12 (f) ............................................................................................................ 8

New York Civil Practice Law and Rules

   N.Y. C.P.L.R. § 901(b).................................................................................................8, 11

New York State General Business Law

    GBL § 349 ...................................................................................................3, 9, 11

    GBL § 349(h) ..............................................................................................................9

New York State Real Property Tax Law

    RPTL § 952 ...................................................................................................... passim

    RPTL § 952(3) ............................................................................................................ 6

    RPTL § 952(4) ............................................................................................................ 7

    RPTL § 953(4) ......................................................................................................... 6, 7

    RPTL § 956(1) ............................................................................................................ 8

    RPTL § 957 ................................................................................................................. 7

    RPTL § 957(2) .........................................................................................................6, 9

Real Estate Settlement Procedures Act

    RESPA, 12 U.S.C. § 2601 ........................................................................................2,

    RESPA, 12 U.S.C. § 2607 ....................................................................................3, 10

    RESPA, 12 U.S.C. § 2614 .........................................................................................10

## INTRODUCTION

Plaintiff obtained a mortgage loan from defendant PHH Mortgage Corporation[1] ("PHH Mortgage") in connection with her purchase of a cooperative apartment in Bronx, New York. Plaintiff has filed this action against PHH Mortgage and its parent, PHH Corporation, asserting that the "disclosure" and "collection" of a tax service fee in connection with her loan violated federal and state laws. As discovery and further briefing will demonstrate, the tax service fee was appropriate and plaintiff's claims are meritless. For purposes of this partial motion to dismiss, defendants seek dismissal of the Complaint in its entirety as against PHH Corporation and dismissal of the Second Cause of Action.[2] In addition, defendants move to strike the class allegations in plaintiff's state law claims and modify the class period for plaintiff's federal law claim.

First, plaintiff cannot maintain this action against PHH Corporation. The Complaint is devoid of any allegation that PHH Corporation, the parent of PHH Mortgage, had any involvement with plaintiff or her loan. PHH Corporation is a separate corporate entity from PHH Mortgage and, as such, has no liability for the alleged acts of PHH Mortgage. Accordingly, the Court should dismiss the Complaint in its entirety as against PHH Corporation.

Second, plaintiff's claim for alleged violation of New York State Real Property Tax Law § 952 *et seq.* should be dismissed as a matter of law. Not only does plaintiff concede that the

---

[1] The Complaint incorrectly identifies PHH Mortgage Corporation as "PHH Mortgage Services."

[2] Because defendants are filing a partial motion to dismiss, they are not required to answer the remaining allegations of the Complaint at this time. *Ricciuti v. New York City Transit Authority*, No. 90-CV-2823, 1991 WL 221110, at *2 (S.D.N.Y. Oct. 3, 1991).

statute is inapplicable to the facts of this case, but there is no private right of action for this claim.

Third, the Court should strike the class allegations in plaintiff's state law claims. It is well understood that an action seeking imposition of a penalty cannot be maintained as a class action under New York law.

Finally, with respect to plaintiff's claim for alleged violation of the federal Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA"), the Court should limit the proposed class period to one year to correspond to RESPA's one-year statute of limitations.

For all these reasons, the Court should grant defendants' Partial Motion to Dismiss and Motion to Strike.

## BACKGROUND

For purposes of this Motion to Dismiss and Motion to Strike only, PHH Corporation and PHH Mortgage accepts as true the following factual allegations of plaintiff's Complaint. On March 4, 2008, plaintiff purchased shares allocated to a cooperative apartment located in a building known as 679 West 239th Street, Bronx, New York. Compl. ¶ 4. Plaintiff financed the purchase of her shares with a $164,000.00 loan from PHH Mortgage. *Id.* Plaintiff alleges that, as required under RESPA, prior to the closing, she received from her "mortgage broker" a Good Faith Estimate of the costs associated with the loan. *Id.* Among the items disclosed on the Good Faith Estimate was a tax service fee in the amount of $85.00. *Id.* According to plaintiff, the tax service fee is "for the cost to contact the taxing authority, create the tax escrow and insure timely payment of applicable taxes." *Id.* at 11. RESPA requires that lenders provide borrowers with a disclosure statement at closing regarding the tax escrow account. *Id.* The tax service fee also must be reflected on the HUD-1 Settlement Statement ("HUD-1") the borrower receives at

closing. *Id.* Plaintiff claims that "[a]t closing, the Tax Service Fee was referenced on the [HUD-1] as 'Tax Service Fee to First American Tax Service' but no 'tax service' was ever provided by defendants." *Id.* ¶ 16; *see also* plaintiff's HUD-1 reflecting the $85.00 tax service fee to First American Tax Service, attached as Exhibit A hereto.[3]

Plaintiff alleges that the tax service fee disclosed by her mortgage broker and collected by First American Tax Service was improper. According to plaintiff, individual shareholders of residential corporations are not responsible for paying real estate taxes. *Id.* ¶ 14. Rather, individual shareholders pay maintenance fees to the owner of the building or "Cooperative Corporation" and that entity is responsible for paying all operating expenses, including real estate taxes. *Id.* ¶¶ 13-14. Plaintiff contends that for loans to consumers purchasing cooperative shares, defendants do not provide any tax services nor do they create or maintain an escrow account for this purpose. *Id.* ¶ 15. Plaintiff alleges that defendants engage in wrongful conduct by "falsely disclosing a 'tax service fee' on loans secured by an interest in cooperative units and further collecting this fee at closing without providing services for the same." *Id.* ¶ 18.

Based on these allegations, plaintiff asserts that defendants have violated: (1) RESPA, 12 U.S.C. § 2607, (2) New York State Real Property Tax Law § 952 *et seq.*, and (3) New York State General Business Law § 349 *et seq.* Plaintiff seeks to represent herself and a purported class of "all persons in the State of New York who obtained purchase money or refinance loans from Defendants between March 4, 2005 and the present secured by an interest in a cooperative unit under which loans Defendants disclosed and/or charged a 'tax service fee.'" *Id.* ¶ 21.

---

[3] The Court properly may consider plaintiff's HUD-1 since it is referenced in the Complaint and integral to plaintiff's assertion that the fee was improperly charged. *Cortec Indus., Inc. v. Sum Holding, L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991) (allowing defendant to include securities documents with its motion to dismiss that were integral to, but not attached to, complaint); *Menaldi v. Pay-Per-View Network, Inc.*, No. 97-CV-6451, 1998 WL 230994, at *4 (S.D.N.Y. May 5, 1998) ("This Court may consider the lease on a motion to dismiss because, although not attached to the complaint, it is integral to the plaintiff's claim.").

## LEGAL STANDARD

A motion for dismissal under Federal Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and fact finding." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). To survive a motion to dismiss, a plaintiff must allege enough facts to show that a claim is plausible. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965-66 (2007). "[T]he plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (*quoting Twombly*, 127 S. Ct. at 1965). Although the court must accept as true all of the factual allegations set forth in the complaint, "bald assertions and conclusions of law will not suffice." *Abdelhamid v. Altria Group, Inc.*, 515 F. Supp. 2d 384, 391 (S.D.N.Y. 2007).

## ARGUMENT

### I.   THE COMPLAINT FAILS TO STATE A CLAIM AGAINST PHH CORPORATION

Plaintiff's attempt to maintain this action against PHH Corporation must fail. PHH is the parent company of PHH Mortgage. Compl. ¶ 5. According to the Complaint, plaintiff obtained her loan from PHH Mortgage, not PHH Corporation. *Id.* ¶¶ 4, 6, and 16. Plaintiff challenges the disclosure and collection of a tax service fee; however, she does not allege that PHH Corporation was involved in disclosing or collecting the fee. Rather, plaintiff alleges that her "mortgage broker" disclosed the fee in the "RESPA required Good Faith Estimate," Compl. ¶¶ 4, 16, and that First American Tax Service collected the fee. *Id.* ¶ 16. There are no factual allegations that plaintiff had any dealings with PHH Corporation or that PHH Corporation engaged in any wrongful conduct. Although some of the Complaint allegations lump PHH Corporation and PHH Mortgage together as "defendants," such assertions are insufficient to state a claim against

4

PHH Corporation in light of the more specific allegations demonstrating that plaintiff dealt only with PHH Mortgage and her mortgage broker and that the tax service fee was collected by First American Tax Service.

Moreover, plaintiff fails to make any allegations that would support a theory of liability against PHH Corporation. "Generally speaking, a parent corporation and its subsidiary are regarded as legally distinct entities and a contract under the corporate name of one is not treated as that of both." *Carte Blanche (Singapore) Pte., Ltd. v. Diners Club Intern., Inc.*, 2 F.3d 24, 26 (2d Cir. 1993). Liability of a parent for the acts of its subsidiary must be predicated upon a showing that the corporate form has been used to perpetrate a fraud or that the parent so completely dominates the subsidiary that it can be deemed its alter ego. *Id.* (citing cases). Because neither scenario is alleged in this case, the Court should find that plaintiff has failed to state a claim against PHH Corporation. *National Union Fire Ins. Co. of Pittsburgh, PA v. Hicks, Muse, Tate & Furst, Inc.*, No. 02 Civ. 13343, 2002 WL 1482625, at *4 (S.D.N.Y. July 10, 2002) (holding that in the absence of allegations that might cause the Court to disregard the corporate form of the subsidiary, plaintiff could not state a claim against the parent). In addition, while the common law doctrine of respondeat superior provides that an employer may be liable for the tortuous acts of its employee, "[t]his doctrine, however, does not render a parent company liable for the conduct of a subsidiary." *Abdelhamid*, 515 F. Supp. 2d at 394.

For these reasons, the Court should find that plaintiff has failed to state a claim against PHH Corporation and dismiss the Complaint in its entirety as against this defendant.

## II. THE SECOND CAUSE OF ACTION SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM AND BECAUSE THERE IS NO PRIVATE RIGHT OF ACTION FOR ENFORCEMENT OF REAL PROPERTY TAX LAW § 953(4)

In the Second Cause of Action, plaintiff alleges that the charging of the tax service fee is a violation of New York State Real Property Tax Law ("RPTL") § 952 *et seq*. Instead of setting forth sufficient facts to state a claim for violation of this statute, however, plaintiff admits that the statute has no application to this case. Moreover, this count fails as a matter of law because there is no private right of action for enforcement of the alleged violation.

Title 3-A of Article 9 of the RPTL governs real property tax escrow accounts which are defined to mean accounts "established by contract between a mortgagor of real property improved by a one to six family residence and the mortgage investing institution having a mortgage thereon, into which the mortgage investing institution shall deposit money collected from the mortgagor for the purpose of paying taxes." RPTL § 952(3).

According to the Complaint, defendants "charged Plaintiff and members of the Class and continue to charge the consuming public a false, misleading and improper real estate settlement service fee attendant to cooperative unit lending." Compl. ¶ 34. Plaintiff asserts that the charging of the tax service fee is an "express violation of New York State Real Property Tax Law § 952 *et seq*." *Id.* ¶ 36. While plaintiff only cites to the statute generally, *i.e.*, § 952 *et seq.*, it is evident from her allegations that she is attempting to invoke § 953(4) which prohibits mortgage investing institutions from imposing "a service charge or any other fee in connection with the maintenance of a real property tax escrow account." *Id.* § 953(4). Plaintiff's intent is further evidenced by her reference to the penalty section of the statute, § 957(2), which provides that "the court may impose a civil penalty of not more than one thousand dollars for each violation of subdivision one, two or **four of section [953]** ...." *Id.* § 957(2) (emphasis added);

6

*see* Compl. ¶¶ 33, 37. Thus, it is apparent that plaintiff is claiming that the tax service fee collected from her is a violation of § 953(4).

The Second Cause of Action should be dismissed for at least two reasons. First, plaintiff does not plead sufficient facts to allege a violation of RPTL § 952 *et seq*.; rather, plaintiff makes clear that the statute is wholly inapplicable to the facts of this case. The statute applies only where the property at issue is a "one to six family residence" and that phrase is specifically defined as "property used primarily for residential purposes for one to six families including property held in condominium form of ownership, and which is occupied in whole or in part by the owner." RPTL § 952(4). As plaintiff herself concedes, the statute does not apply to loans for cooperative forms of ownership. Compl. ¶ 32 (RPTL § 952 includes "condominium forms of ownership, but not cooperative forms of ownership"). Moreover, plaintiff asserts that defendants do not create tax escrow accounts for cooperative apartment loans. *Id.* ¶ 15 ("nor is an escrow account created or maintained" for cooperative loans). Without the existence of an escrow account, the assertion that plaintiff was charged a fee "in connection with the maintenance of a real property tax escrow account" cannot be maintained. Therefore, the Court should find that plaintiff has failed to state a claim for violation of RPTL § 952 *et seq*. *See Smith v. Wells Fargo Co.*, 08-Civ. 0564, slip op. at 3 (S.D.N.Y. Apr. 2, 2008) (dismissing RPTL § 952 claim for failure to state a claim because plaintiffs "contend that there was no tax escrow account at all").

Second, even assuming the statute is applicable to loans for cooperative apartments and in the absence of a tax escrow account, the Second Cause of Action is subject to dismissal for the additional reason that there is no private right of action for enforcement of RPTL § 953(4). The New York Legislature vested the Attorney General with exclusive authority to investigate and commence actions for the violation alleged to have occurred in this case. RPTL § 957. The only

section of the statute that authorizes private actions is § 956(1), which prohibits mortgage investing institutions from failing to pay property taxes within 180 days after they are due. *Id.* § 956(1). There is no allegation about late payment of property taxes in this case, however.

Thus, plaintiff's generic claim of an alleged violation of "RPTL § 952 *et seq.*" cannot withstand the slightest scrutiny both because the facts alleged by plaintiff defeat any attempt to state a claim and because the Attorney General alone is vested with authority to enforce the statutory violation alleged in this case. Therefore, the Court should find that plaintiff cannot maintain a claim for violation of RPTL § 952 *et seq.* as a matter of law and dismiss the Second Cause of Action with prejudice.

### III. THE COURT SHOULD STRIKE THE CLASS ALLEGATIONS IN PLAINTIFF'S STATE LAW CLAIMS

Pursuant to Fed. R. Civ. P. 12(f), defendants move to strike the class allegations in the Second and Third Causes of Action.[4] For these counts, plaintiff requests, on behalf of herself and the purported class, an award that includes a penalty. In the absence of specific statutory authorization, however, a lawsuit seeking the imposition of a penalty cannot be maintained as a class action under New York law.

Section 901(b) of New York Civil Practice Law and Rules, which sets out the prerequisites for a class action suit, prohibits a class action "to recover a penalty or minimum measure of recovery created or imposed by statute," unless the statute "specifically authorizes the recovery thereof in a class action...." N.Y. C.P.L.R. § 901(b). According to this law, plaintiff cannot maintain the class allegations in her state law counts.

---

[4] Defendants assume for purposes of this argument only that the Second Cause of Action is otherwise maintainable. As explained in the preceding section, however, the Second Cause of Action should be dismissed as a matter of law.

For her Second Cause of Action, plaintiff alleges violation of RPTL § 952 *et seq.* Subdivision 957(2) of that statute provides that "[w]henever the court shall determine that a defendant has engaged in repeated fraudulent or illegal acts ... the court may impose a **civil penalty** of not more than one thousand dollars for each violation ...." RPTL § 957(2) (emphasis added). In her Complaint, plaintiff asks the Court for an order awarding "restitution of the money wrongfully acquired by Defendants pursuant to New York State Real Property Tax Law § 952 *et seq.* in an amount equal to one thousand dollars for each violation." Compl. ¶ 37.

The Third Cause of Action alleges deceptive acts and practices in violation of New York State General Business Law § 349 *et seq.* ("GBL § 349"). GBL § 349 provides, in pertinent part:

> [A]ny person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.

GBL § 349(h). For her GBL § 349 claim, plaintiff seeks "restitution of the money wrongfully acquired by Defendants," Compl. ¶ 42, and asserts that she is entitled, "in the court's discretion, to an increase in the award of damages not to exceed three times the actual damages up to one thousand dollars." *Id.* ¶ 43.

Finally, in her Prayer for Relief, plaintiff seeks on behalf of herself and the purported class "[a]n increase in compensatory damages to an amount not to exceed three times the actual damages up to one thousand dollars." *Id.* at 16. Thus, for both causes of action, plaintiff seeks imposition of a penalty, either as specifically provided in the statute or in the form of treble damages. Treble damages constitute a penalty under section 901(b). *See, e.g., Leider v. Ralfe,*

9

387 F. Supp. 2d 283, 287 (S.D.N.Y. 2005); *In re Relafen Antitrust Litig.*, 221 F.R.D. 260, 285-86 (D. Mass. 2004) (section 901 "bars class claims for minimum or treble damages").

Because plaintiff is seeking imposition of a penalty in connection with her state law claims, she is not entitled to maintain those counts as class claims, and the Court should strike the class allegations with respect to both the Second and Third Causes of Action.

## IV.   PLAINTIFF'S PURPORTED RESPA CLASS SHOULD BE LIMITED IN SCOPE TO ONE YEAR

In addition to requesting that the Court strike the class allegations in plaintiff's state law claims, defendants move for modification of the class with respect to plaintiff's First Cause of Action for alleged violation of RESPA, 12 U.S.C. § 2607. Claims brought under § 2607 must be filed within one year from the date of the alleged violation. 12 U.S.C. § 2614. *See McKay v. Sacks*, No. 05-CV-2307, 2005 WL 1206810, at * 4 (E.D.N.Y. May 20, 2005) (stating that RESPA has a one-year statute of limitations and that "[i]t is well settled that in 'closed-end credit' transactions, such as a mortgage loan, the date of the occurrence of the violation is no later than the date the plaintiff enters the loan agreement.").

Plaintiff defines her purported class as follows: "[A]ll persons in the State of New York who obtained purchase money or refinance loans from Defendants between March 4, 2005 and the present secured by an interest in a cooperative unit under which loans Defendants disclosed and/or charged a 'tax service fee.'" Compl. ¶ 21. Accordingly, plaintiff's proposed class definition extends back three years to March 4, 2005. Given RESPA's one-year statute of limitations, defendants ask that the Court modify the class definition with respect to plaintiff's RESPA claim to limit the scope of the class period to one year, *i.e.*, from March 4, 2007 to the present.

## CONCLUSION

Plaintiff's attempt to state a claim against PHH Corporation fails because she neither had any dealings with the parent company nor has she alleged any theory of liability under which it could be held responsible for the alleged acts of its subsidiary, PHH Mortgage. In addition, plaintiff cannot maintain her Second Cause of Action for violation of RPTL § 952 *et seq*. Plaintiff concedes that this statute is inapplicable to the loan she obtained and there is no private right of action for the alleged statutory violation in this case. Finally, plaintiff's class allegations should be stricken and/or modified. Because plaintiff seeks imposition of a penalty in her RPTL § 952 and GBL § 349 claims, the class allegations in those counts cannot be maintained under N.Y. C.P.L.R. § 901(b). In addition, the scope of the proposed class for plaintiff's RESPA claim should be modified to correspond to that statute's one-year limitations period.

For all these reasons, the Court should grant defendants' motion and dismiss the Complaint in its entirety as against PHH Corporation and dismiss the Second Cause of Action with prejudice for failure to state a claim as a matter of law. In addition, the Court should grant defendants' motion to strike and/or modify the class allegations.

Respectfully submitted,

WEINER BRODSKY SIDMAN KIDER PC

By: /s/ David M. Souders
David M. Souders (admitted *pro hac vice*)
1300 19th Street, NW, Fifth Floor
Washington, DC 20036
Telephone: (202) 628-2000
Facsimile: (202) 628-2011
souders@wbsk.com

        Daniel F. Markham (DM 8431)  
        COUGHLIN DUFFY LLP  
        Wall Street Plaza  
        88 Pine Street, 5th Floor  
        New York, New York 10005  
        Telephone: (212) 483-0105  
        Facsimile: (212) 480-3899  
        dmarkham@coughlinduffy.com  

        Attorneys for Defendants PHH Corporation  
        and PHH Mortgage Corporation  

Dated: May 13, 2008

M:\8549\60\lsbv657mem(dismiss).doc

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2008, I caused a true and correct copy of the foregoing Defendants' Partial Motion to Dismiss and Motion to Strike and/or Modify Class Allegations to be electronically filed and served upon the following counsel of record:

Stuart E. Nahas, Esq.
ZRAICK, NAHAS & RICH
303 Fifth Avenue
New York, NY 10016

Wayne S. Kreger, Esq.
MILSTEIN, ADELMAN & KREGER, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

/s/ David M. Souders
David M. Souders (admitted *pro hac vice*)

# EXHIBIT A

# TO

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF PARTIAL MOTION TO DISMISS COMPLAINT AND MOTION TO STRIKE AND/OR MODIFY CLASS ALLEGATIONS

## A. Settlement Statement

U.S. Department of Housing and Urban Development

OMB Approval No. 2502-0265

**B. Type of Loan**

| 1. ☐ FHA | 2. ☐ FmHA | 3. ☐ Conv. Unins | 6. File Number | 7. Loan Number: 0051199727 | 8. Mortgage Insurance Case Number: |
| 4. ☐ VA | 5. ☐ Conv. Ins | | | | |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name & Address of Borrower | E. Name & Address of Seller | F. Name & Address of Lender |
|---|---|---|
| RENEE SMITH<br>880 WEST 181ST STREET<br>NEW YORK, NEW YORK 10033 | JOSEPH KOURAKOS AND<br>LUZ-ANGELA KOURAKOS<br>679 WEST 239TH STREET, UNIT #1K<br>BRONX, NEW YORK 10463 | PHH MORTGAGE SERVICES<br>3000 LEADENHALL ROAD<br>MT. LAUREL, NJ 08054 |

| G. Property Location | H. Settlement Agent: MITCHELL POLLACK & ASSOCIATES | I. Settlement Date |
|---|---|---|
| 679 WEST 239TH STREET, UNIT #1K<br>BRONX, NEW YORK 10463<br>SECTION: 19, BLOCK 5920, LOT: 510<br>COUNTY: BRONX | Place of Settlement:<br>733 YONKERS AVE, YONKERS, NY | MARCH 4, 2008 |

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| 100. Gross Amount Due From Borrower | | 400. Gross Amount Due To Seller | |
| 101. Contract sales price | $205,000.00 | 401. Contract sales price | $205,000.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 3,938.16 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes   to | | 406. City/town taxes   to | |
| 107. County taxes   to | | 407. County taxes   to | |
| 108. Assessments   to | | 408. Assessments   to | |
| 109. MAINTENANCE 3/4/08-3/31/08 | 97.47 | 409. MAINTENANCE 3/4/08-3/31/08 | 97.47 |
| 110. Possession | 113.36 | 410. Possession | 113.36 |
| 111. | | 411. | |
| 112. | | 412. | |
| 120. Gross Amount Due From Borrower | 209,148.99 | 420. Gross Amount Due To Seller | 205,210.83 |
| 200. Amounts Paid By Or In Behalf Of Borrower | | 500. Reductions In Amount Due To Seller | |
| 201. Deposit or earnest money | 20,000.00 | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | $164,000.00 | 502. Settlement charges to seller (line 1400) | 17,027.95 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first mortgage loan  Citimortgage | 45,480.93 |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes   to | | 510. City/town taxes   to | |
| 211. County taxes   to | | 511. County taxes   to | |
| 212. Assessments   to | | 512. Assessments   to | |
| 213. MAINTENANCE 3/4/08-3/31/08 | | 513. MAINTENANCE 3/4/08-3/31/08 | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. Total Paid By/For Borrower | 184,000.00 | 520. Total Reduction Amount Due Seller | 62,508.37 |
| 300. Cash At Settlement From/To Borrower | | 600. Cash At Settlement To/From Seller | |
| 301. Gross Amount due from borrower (line 120) | 209,148.99 | 601. Gross amount due to seller (line 420) | 205,210.83 |
| 302. Less amounts paid by/for borrower (line 220) | (184,000.00) | 602. Less reductions in amt. due seller (line 520) | (62,508.37) |
| 303. Cash ☑ From ☐ To Borrower | 25,148.99 | 603. Cash ☑ To ☐ From Seller | 142,702.46 |

SUBSTITUTE FORM 1099 SELLER STATEMENT The information contained herein is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported. The Contract Sales Price described on line 401 above constitutes the Gross Proceeds of this transaction. SELLER INSTRUCTIONS: This transaction does not need to be reported on Form 1099-S if you sign a certification containing assurances that any capital gain from this transaction will be exempt from tax under new IRS Code Section 121. You are required by law to provide your correct taxpayer identification number. If you do not provide your correct taxpayer identification number, you may be subject to civil or criminal penalties imposed by law, and Under penalties of perjury, I certify that the number shown on this statement is my correct taxpayer identification number.

_____ _____ _____ _____
JOSEPH KOURAKOS         SELLER                  LUZ-ANGELA KOURAKOS     SELLER

### L. Settlement Charges

| | | Paid From Borrowers Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|---|
| 700. Total Sales/Broker's Commission based on price $ 205,000.00 @ 6.00 % = 12,300.00 | | | |
| Division of Commission (line 700) as follows: | | | |
| 701. $ 12,300.00 to Haulstead Properties, LLC | | | |
| 702. $ to | | | |
| 703. Commission paid at Settlement | | | 12,300.00 |
| 704. | | | |
| 800. Items Payable In Connection With Loan | | | |
| 801. Loan Origination Fee % | | | |
| 802. Loan Discount % | | | |
| 803. Appraisal Fee to CUC MTG CORP. $400.00  $475.00 POC | | -$75.00 | |
| 804. Credit Report to CUC MTG CORP. | | $18.50 | |
| 805. Lender's Inspection Fee | | | |
| 806. Mortgage Insurance Application Fee to | | | |
| 807. Assumption Fee | | | |
| 808. TAX SERVICE FEE TO FIRST AMERICAN TAX SERVICE | | $85.00 | |
| 809. FLOOD CERT. FEE TO STARS | | $12.50 | |
| 810. UNDERWRITING FEE TO PHH MTG | | $450.00 | |
| 811. APPLICATION FEE TO CUC MTG CORP. | | $350.00 | |
| 900. Items Required By Lender To Be Paid In Advance | | | |
| 901. Interest from 3/4/08 to 3/31/08 @$ 28.47 /day | | $797.16 | |
| 902. Mortgage Insurance Premium for months to | | | |
| 903. Hazard Insurance Premium for years to | | | |
| 904. years to | | | |
| 905. March Maintenance to 679 Owners Corp. | | 325.00 | |
| 1000. Reserves Deposited With Lender | | | |
| 1001. Hazard insurance months@$ per month | | | |
| 1002. Mortgage insurance months@$ per month | | | |
| 1003. City property taxes months@$ per month | | | |
| 1004. County property taxes months@$ per month | | 0 | |
| 1005. Annual assessments months@$ per month | | 0 | |
| 1006. months@$ per month | | | |
| 1007. months@$ per month | | | |
| 1008. months@$ per month | | | |
| 1100. Title Charges | | | |
| 1101. Settlement or closing fee to | | | |
| 1102. Abstract or title search to MUTUAL ABSTRACT CORP. | | $275.00 | |
| 1103. Title examination to | | | |
| 1104. Title insurance binder to | | | |
| 1105. Document preparation to | | | |
| 1106. Notary fees to | | | |
| 1107. Attorney's fees to MITCHELL POLLACK & ASSOCIATES | | $800.00 | |
| (includes above items numbers: ) | | | |
| 1108. Title insurance to | | | |
| (includes above items numbers: ) | | | |
| 1109. Lender's coverage $ | | | |
| 1110. Owner's coverage $ | | | |
| 1111. REVIEW OF RECOGNITION AGREEMENTS TO SMITH, BUSS & JACOBS | | $275.00 | |
| 1112. MOVE-IN DEPOSIT TO 679 OWNERS CORP. | | $250.00 | |
| 1113. TRANSFER AGENT FEE TO SMITH, BUSS & JACOBS | | | $700.00 |
| 1200. Government Recording and Transfer Charges | | | |
| 1201. Recording fees Deed $ , Mortgage $ , Releases $ | | | |
| 1202. City/county tax/stamps: Deed $ 2050.00 Mortgage $ | | | 2050.00 |
| 1203. State tax/stamps: Deed $ 820.00 ; Mortgage $ | | | $820.00 |
| 1204. STOCK STAMPS TO SMITH, BUSS & JACOBS | | | 7.95 |
| 1205. | | | |
| 1300. Additional Settlement Charges | | | |
| 1301. | | | |
| 1302. Mortgage Pay off fee to Stanley Simon | | | 400.00 |
| 1303. YIELD SPREAD PREM TO CUC MTG CORP. $3198.00 PD BY PHH MTG POC L | | | |
| 1304. PROCESSING FEE TO CUC MTG CORP. | | $375.00 | |
| 1305. SELLING FEE TO 679 OWNERS CORP. | | | $750.00 |
| 1400. Total Settlement Charges (enter on lines 103, Section J and 502, Section K) | | 3,938.16 | 17,027.95 |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

RENEE SMITH, BORROWER    PURCHASER    JOSEPH KOURAKOS    SELLER (0.00)
                                      LUZ-ANGELA KOURAKOS    SELLER 100.00

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause funds to be disbursed in accordance with the statement.

MITCHELL POLLACK & ASSOCIATES    SETTLEMENT AGENT

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

Previous editions are obsolete    Page 2 of 2    form HUD-1 (3/86) ref Handbook 4305.2