**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------------x
**RENEE SMITH,** Individually and on behalf of all others similarly situated

                              *Plaintiffs,*

                          v.

**PHH CORPORATION,** a New Jersey Corporation, **PHH MORTGAGE SERVICES**, and Does 1 through 20,

                              *Defendants*.
------------------------------------------------------------------------------x

Civil Action No.:
08 CV 0318 (JGK)(MHD)

**ECF**


## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' PARTIAL MOTION TO DISMISS


| | |
|---|---|
| Stuart E. Nahas, Esq. | Wayne S. Kreger, Esq. (admitted *pro hac vice*) |
| ZRAICK, NAHAS & RICH | Gillian L. Wade, Esq. (admitted *pro hac vice*) |
| Attorneys for Plaintiff | MILSTEIN, ADELMAN & KREGER, LLP |
| Renee Smith | Attorneys for Plaintiff Renee Smith |
| 303 Fifth Avenue | 2800 Donald Douglas Loop North |
| New York, New York 10016 | Santa Monica California 90405 |
| (212) 686-0855 | (310) 396-9600 |

**Table of Contents**

                                                              **Page**

I. **INTRODUCTION**………………………………………………………...…………..……1

II. **STATEMENT OF FACTS**……………………………………………...……….…….2

III. **STANDARD**………………………………………………………………...………..2

    1. **A Liberal Standard Applies to Motions To Dismiss Under Rule 12(b)(6)**………………………………………………...…..2

    2. **There Is A Well Established Policy Of Liberality In Pleading Under Rule 8**……………………………………………….…...3

IV. **PHH'S MOTION TO DISMISS SHOULD BE DENIED**………………….....……4

    1. **The Complaint States A Claim Against PHH Corporation**…………...…..4

    2. **There Are No Viable Grounds To Dismiss the Second Cause of Action**……………………………………………………..…….6

V. **PHH'S MOTION TO STRIKE THE CLASS ALLEGATIONS IN PLAINTIFF'S STATE LAW CLAIMS MUST BE DENIED**…………………...8

    1. **CPLR Section 901(b) Does Not Have Any Bearing On Plaintiff's State Law Claims**……………………………………...….…9

    2. **PHH's Request That The Court "Modify" the Class Definition is Improper and The Three-Year Class Period Stated In The Complaint Is Appropriate And Should Not Be Stricken**……10

VI. **CONCLUSION**…………………………………………………………...……11

i

**Table of Authorities**

Page

**Federal Cases**

Beanal v. Freeport-McMoran, Inc.,
197 F.3d 161 (5th Cir. 1999)……………………………………………………………………….4

Bell Atlantic Corp. v. Twolmby,
127 S. Ct. 1955 (2007)……………………………………………………………………………..3

Com/Tech Commun. Tech., Inc. v. Wireless Data Sys., Inc.,
163 F.3d 149 (2d Cir. 1998)……………………………………………………………….…...…9

Green v. Wolf Corp.,
406 F.2d 291 (2nd Cir. 1968)………………………………………………………….............11

Gregory v. Daly,
243 F.3d 687 (2d Cir. 2001)……………………………………………………………....……..3

Holster v. Gatco, Inc.,
485 F. Supp. 2d 179 (E.D.N.Y. 2007)……………………………………………….……….…9

Geisler v. Petrocelli,
616 F.2d 636 (2d Cir. 1980)…………………………………………………………….…….…4

Jackson v. Marion County,
66 F.3d 151 (7th Cir. 1995)……………………………………………………………...………4

Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,
507 U.S. 163 (1993)……………………………………………………………………...………4

Lennon v. Seaman,
63 F. Supp. 2d 428 (S.D.N.Y. 1999)………………………………………………………….…3

Lewis v. ACB Business Services, Inc.,
135 F.3d 389 (6th Cir. 1998)……………………………………………………………………..4

Multimedia Patent Trust v. Microsoft Corp.,
525 F. Supp. 2d 1200 (S.D. Cal. 2007)…………………………………………………….......3

Patel v. Contemporary Classics of Beverly Hills,
259 F.3d 123 (2d Cir. 2001)……………………………………………………………….....…3

ii

U.S. v. U.S. Currency In Amount of Five Hundred Ninety-Eight
Thousand Eight Hundred Twenty Six Dollars,
2007 WL 2713367 (E.D.N.Y. 2007)……………………………………………..………....…3

Villager Pond, Inc. v. Town of Darien,
56 F.3d 375 (2d Cir. 1995)……………………………………………………………………....2

Scheuer v. Rhodes,
416 U.S. 232 (1974)……………………………………………………………………..………2

Simmons v. Abruzzo,
49 F.3d 83 (2d Cir. 1995)…………………………………………………………………..3, 4

Sims v. Artuz,
230 F.3d 14 (2d Cir. 2000)……………………………………………………………………2

Strougo v. Bassini,
282 F.3d 162 (2d Cir. 2002)……………………………………………………………..2

**State Cases**

Cox v. Microsoft Corp.,
8 A.D.3d 39 (N.Y. App. Div. 2004)…………………………………………………...………10

Gaidon v. Guardian Life Ins. Co. of Am.,
96 N.Y. 2d 201 (2001)………………………………………………………………...............…10

Gerel Corp. v. Prime Eastside Holdings, LLC,
12 A.D.3d 86 (N.Y. App. Div. 2004)…………………………………………………...........8

Goshen v Mutual Life Ins. Co. of N.Y.,
98 N.Y.2d 314 (2002)……………………………………………………………..................…8

Lawlor v. Cablevision Systems Corp.,
839 N.Y.S. 2d 433 (N.Y. Sup. Ct. 2007)……………………………………………………10

Super Glue Corp. v. Avis Rent A Car System, Inc.,
132 A.D.2d 604 (N.Y. App. Div. 1987)……………………………………………….……9, 10

**Stautues**

N.Y. REAL PROP. TAX § 956………………………………………………………………..….8

N.Y. REAL PROP. TAX § 957……………………………………………………………...........7, 8

**Federal Rules**

Fed. R. Civ. P. 8(a)(2)……………………………………………………………...……3

Fed. R. Civ. P. 8(d)(1)……………………………………………………………………...3

**Other Authorities**

*Moore's Federal Practice - Civil* § 23.04……………………………………………...……..9

I.  **INTRODUCTION**

In its partial motion to dismiss ("Partial Motion"), defendants PHH Mortgage Services and PHH Corporation (collectively, "PHH"/"Defendants") take four shots at whittling down the complaint in an attempt to find a pleading defect where none exists. PHH does not meet the heavy burden it must carry to succeed under Rule 12(b)(6)[1] and 12(f) and its Partial Motion should be denied.

First, given the liberal pleading standard under Rule 8, the argument that PHH Corporation should be dismissed fails. Plaintiff has sufficiently stated a claim against PHH Corporation, as the complaint alleges PHH Corporation is the alter ego of PHH Mortgage Services and PHH's own documents confuse the two entities.  Second, PHH does not present any viable grounds warranting dismissal of the Second Cause of Action for violation New York State Real Property Tax Law ("RPTL") section 952, *et seq.*. Plaintiff sufficiently states a claim under the RPTL and the statute allows for a private right of action, as it provides a dual enforcement mechanism whereby both private individuals and the Attorney General may file a lawsuit.

In addition, PHH misunderstands the reach of Section 901(b) of New York's Civil Practice Law and Rules ("CPLR"). Rule 23 governs class certification of this case and New York Courts have uniformly held this section does not apply to causes of action for violation of New York General Business Law ("GBL") section 349. As such, there are no grounds to strike the class allegations in Plaintiff's state law claims

Finally, the three-year class period stated in the complaint is proper, as GBL section 349 carries a three-year statute of limitations. The one-year statute that applies to Plaintiff's cause of action under section 2607 of the Real Estate Settlement Procedures Act ("RESPA") can be dealt with by creating a sub-class for purposes of providing RESPA remedies to the class members who are within the statute. "Modification" of Plaintiff's class definition by way of a

---

[1] Unless specified, all references to "Rules" are to the Federal Rules of Civil Procedure.

motion to strike is not necessary or appropriate and should be denied.

## II.     STATEMENT OF FACTS

Plaintiffs' Class Action Complaint for Damages and Injunctive Relief ("Complaint") alleges that PHH's charging and collection of a "tax service fee" in connection with loans secured against interests in cooperative property violates RESPA, 12 U.S.C. § 2607(b), RPTL section 952, *et seq.*, and GBL section 349, *et seq.*  Specifically, on March 4, 2008, Plaintiff, as part of her purchase of 159 shares of a cooperative apartment in New York city, obtained a 30 year fixed rate cooperative loan from "PHH Mortgage Services" (Compl. ¶4; Partial Motion, Ex. A).   Inextricably, Plaintiff was charged an $85.00 "tax service fee". (Compl. ¶¶13, 14, 16, 19, 39).  Plaintiff, however, should not have been charged a "tax service fee" because no "tax service" can be provided for an interest in a cooperative unit, and no tax service was ever provided.  (Compl. ¶¶ 13, 14, 18, 32, 39).

## III.    STANDARD

### 1. A Liberal Standard Applies to Motions To Dismiss Under Rule 12(b)(6).

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), dismissal "is proper only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Strougo v. Bassini, 282 F.3d 162, 167 (2d Cir. 2002) (quoting Harris v. City of New York, 186 F.3d 243, 250 (2d Cir. 1999).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686 (1974); Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995).

The task of the court in ruling on a 12(b)(6) motion is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Sims v. Artuz, 230 F.3d 14, 20 (2d Cir. 2000).  In ruling on a 12(b)(6) motion, "a court must accept all allegations in the complaint as true and draw all inferences in

the non-moving party's favor."  Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001); see also Gregory v. Daly, 243 F.3d 687, 91 (2d Cir. 2001) ("In making this assessment [of whether to grant a motion to dismiss], we must accept as true all of the factual allegations set out in Plaintiffs' complaint, draw all inferences from those allegations in the light most favorable to the plaintiff, and construe the complaint **liberally**." (emphasis in original; internal citations omitted) (citing Conlee v. Gibson, 355 U.S. 41, 45-46 (1957)).

Similarly, motions to strike are regarded with disfavor. Lennon v. Seaman, 63 F. Supp. 2d 428, 446 (S.D.N.Y. 1999).  As with a motion to dismiss for failure to state a claim, when ruling upon a motion to strike, the court must view the pleading under attack in the light most favorable to the pleader. U.S. v. U.S. Currency In Amount of Five Hundred Ninety-Eight Thousand Eight Hundred Twenty Six Dollars, 2007 WL 2713367, *5 (E.D.N.Y. 2007); Multimedia Patent Trust v. Microsoft Corp., 525 F. Supp. 2d 1200, 1211 (S.D. Cal. 2007).

### 2. There Is A Well Established Policy Of Liberality In Pleading Under Rule 8.

A complaint filed in a federal court requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). See also Fed. R. Civ. P. 8(d)(1) ("Each allegation must be simple, concise, and direct.  No technical form is required.").  The complaint is sufficient if it gives the defendant "fair notice of what the … claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twolmby, 127 S. Ct. 1955, 1959 (2007) (citing Conlee v. Gibson, 355 U.S. 41, 47-48 (1957)).  "Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of *res judicata*, and identify the nature of the case so it may be assigned to the proper from of trial." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995).

Thus, unless in the few types of cases in which pleading "with particularity" is required (of which this is not one), the complaint need not contain detailed factual allegations supporting the claim.  Instead, courts and litigants "must rely on summary judgment and control of discovery to weed out unmeritorious claims…" Leatherman v. Tarrant County Narcotics

3

Intelligence & Coordination Unit, 507 U.S. 163, 168-169 (1993); see also Geisler v. Petrocelli, 616 F.2d 636, 640 (2d Cir. 1980) (Rule 8 "requires only that plaintiff's charges be set forth in a short and concise statement, detailed only to the extent necessary to enable defendant to respond and to raise the defense of *res judicata* if appropriate. The pleading of additional evidence is not only unnecessary, but in contravention of proper pleading procedure. Such additional information is now available through the liberalized discovery provisions.")

In fact, apart from Rule 9 "and a tiny handful of arguably appropriate judicial supplements to it, a plaintiff in a suit in federal court need not plead facts; he can plead conclusions." Jackson v. Marion County, 66 F.3d 151,153 (7th Cir. 1995). A complaint will be deemed inadequate "only if it fails to (1) provide notice of circumstances which give rise to the claim or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist." Beanal v. Freeport-McMoran, Inc., 197 F.3d 161, 164 (5th Cir. 1999); Lewis v. ACB Business Services, Inc., 135 F.3d 389, 405-406 (6th Cir. 1998). If any portion of a complaint is dismissed for failure to comply with the requirements of Rule 8, plaintiff should be given leave to amend. Simmons, 49 F.3d at 86-87.

Given the heightened burden that PHH faces on a motion to dismiss, its Partial Motion should be denied. In the alternative, Plaintiff should be granted leave to amend.

IV.     **PHH'S MOTION TO DISMISS SHOULD BE DENIED**
    1. **The Complaint States A Claim Against PHH Corporation.**

Throughout the Complaint, Plaintiff alleges that both PHH Corporation and PHH Mortgage Services engaged in deceptive conduct and were involved in the unlawful charging and collecting of an unearned "tax service fee." (See, e.g., Compl.¶¶15-19; 21-24; 27-29; 34-36; 39-43). The Complaint further alleges that, at all relevant times, PHH Corporation was the "alter-ego or other representative" of PHH Mortgage Services, and "was acting in such a capacity in doing the things herein complained of and alleged." (Compl. ¶ 8). Given the liberal standard applied to pleadings and the notice pleading standard of Rule 8, these allegations are

4

sufficient to sustain a claim against PHH Corporation.

In fact, while PHH's Partial Motion states that Plaintiff "incorrectly identifies 'PHH Mortgage Corporation' as 'PHH Mortgage Services'" (Partial Motion, p.1, fn. 1), the HUD-1 Settlement Statement attached to PHH's Partial Motion as Exhibit A identifies "PHH Mortgage Services" as the lending entity. (See Ex. A to Partial Motion). Given that PHH's own documentation confuses the PHH entities, and that "PHH Mortgage Services" holds itself out to customers as the lender, prior to formal discovery, it is impossible for Plaintiff, or any member of the class, to determine with specificity which lending practices are those of PHH Mortgage Corporation and/or those instituted by PHH Corporation. Because it is entirely plausible (and sufficiently alleged) that PHH Corporation is involved in the deceptive practices alleged[2], PHH Corporation cannot be dismissed. Indeed, accepting the information in the HUD-1 Settlement Statement relied upon by PHH, it is undisputed that PHH engages in some aspects of confusion, and that the apparent non-existent entity "PHH Mortgage Services" appears on the Settlement Statement as the lending institution. It is axiomatic that a company that holds itself out as a particular entity, with particular duties to others, cannot later complain about a lawsuit against that entity by contending that the entity does not actually exist or does not owe the duties previously extended. Plaintiff is entitled to the reasonable inference (and to conduct discovery related to the issue) that the parent corporation is controlling the actions of its subsidiary.[3]

PHH's attempt to dismiss PHH Corporation is premature, at best. Given the liberal

---

[2] For example, it is entirely plausible that the edict to charge a tax service fee attendant to loans secured against cooperative property came from the parent PHH Corporation.

[3] Moreover, contrary to PHH's assertions, the complaint does **not** allege that the tax service fee at issue was collected by First American Title, but rather, that the tax service fee is "*referenced*" as being paid to First American Tax Services. (Compl. ¶ 16). In other words, the fee is collected by the lender, who references on the HUD-1 whether an affiliated business is paid to provide a service. Given Plaintiff's allegations that both defendants engaged in deceptive conduct, Plaintiff is entitled to discover and attempt to prove whether the money paid for the tax service fee was remitted to PHH Corporation.

5

pleading standard and clear allegations in the complaint putting PHH Corporation on notice of the claims against it, there is simply no basis at this time for dismissal. If, contrary to Plaintiff's allegations, evidence shows PHH Corporation is not the alter-ego of PHH Mortgage Corporation or otherwise involved in the actions alleged against it in the Complaint, Plaintiff agrees PHH Corporation should be dismissed. However, at this time, no such showing has been made and Plaintiff is informed, believes, and properly alleges that PHH Corporation is liable to Plaintiffs. Accordingly, PHH's drastic and disfavored request that PHH Corporation be dismissed with prejudice at the pleadings stage should be denied.

Nevertheless, if the Court is inclined to dismiss PHH Corporation, Plaintiff respectfully requests that such dismissal be without prejudice and with leave to replead.

### 2. There Are No Viable Grounds To Dismiss the Second Cause of Action.

In attempt to dismiss the Second Cause of Action for violation of RPTL section 952, *et seq.*, PHH first contends Plaintiff has not sufficiently stated a claim because the statute does not apply where, as here, the subject property is cooperative property. PHH's basic argument is that the statute only applies where real property is involved, and therefore, PHH cannot be liable for a violation of the statute because Plaintiff alleges she was charged a tax service fee attendant to loan on personal property (ie, cooperative property). In other words, because Plaintiff received a loan for personal property, and not real property, she has pleaded herself outside of the statute.

This argument, while cleverly confusing, is flawed. As pointed out by Defendants, the statute provides that for loans secured against real property, a charge for the maintenance of a tax escrow account is prohibited. Defendants argue that because the statute states it governs real property, and not personal property, PHH cannot be held liable under this statute because this case, admittedly, concerns personal property. This action, however, challenges that PHH charges for the creation of a tax escrow account on personal property (i.e., shares of a cooperative corporation), but PHH never creates a tax

6

escrow account, because doing so is pointless and improper for loans secured against cooperative property. Thus, the Complaint does sufficiently allege a violation of the RPTL because Plaintiff and the class members were charged a fee for an escrow account that cannot be, and is not, created.

For example, if a law provided that gas stations were permitted to charge a surcharge for SUV's, and the gas station was charging motorcycles the SUV surcharge, this would violate the law, even though the law governs a surcharge for SUV's and not motorcycles. If a plaintiff were to allege she was charged the surcharge for putting gas in her motorcycle, following PHH's logic, she would not have stated a claim because she did not allege she drives an SUV. PHH's contortion of the facts giving rise to the second cause of action should be rejected.

PHH also erroneously contends Plaintiff does not have a private right of action under the RPTL. Relying on the bare assertion that the Attorney General has been given "exclusive authority [by RPTL § 957] to investigate and commence actions for the violation alleged to have occurred in this case," PHH fails to establish how Plaintiff does not have standing to bring a claim. (Partial Motion, p. 7). Indeed, RPTL section 957 provides, "[t]he attorney general *may enforce* the provisions of section nine-hundred fifty-three." N.Y. REAL PROP. TAX § 957(1) (emphasis added). The term "may" does not connote "sole authority" as PHH apparently argues. All RPTL section 957(1) does is provide for enforcement by the Attorney General in addition to any private right of action under the statute.

If the legislature intended to vest sole enforcement authority in the attorney general, it would have chosen a different term than the open-ended, "may enforce." Further, if the intent of the legislature was to entirely foreclose any private right of action, it would not have included RPTL section 957(4), which states, "*[n]othing* in this section shall preclude a mortgagor from obtaining *any* relief or remedy at law or in equity to which such mortgagor may be entitled, *including* those remedies and relief provided for

7

in subdivision one of section nine hundred fifty-six of this title." N.Y. REAL PROP. TAX § 957(4) (emphasis added). Remarkably, RPTL section 956(1) reads, "a mortgagor whose taxes are to be paid by means of a real property tax escrow account *pursuant to this title may bring an action* against the mortgage investing institution maintaining such account…" Id. at § 956(1) (emphasis added). Read together, and contrary to PHH's interpretation of the wording of these sections, RPTL sections 956(1) and 957(1) & (4) demonstrate the legislative grant of enforcement authority to the attorney general was not meant to bar or eliminate a private cause of action under the statute.

As such, the statute provides a dual enforcement mechanism whereby both private individuals and the attorney general may bring an action under the Act. See e.g. Gerel Corp. v. Prime Eastside Holdings, LLC, 12 A.D.3d 86, 93, 783 N.Y.S.2d 355, 360 (N.Y. App. Div. 2004) ("that the Attorney General has standing to institute an action under General Obligations Law § 7-105 for a violation does not, in and of itself, defeat the existence of a private right of action.); see also Goshen v Mutual Life Ins. Co. of N.Y., 98 N.Y.2d 314 (2002) (noting the right of the Attorney General to enforce a statute and the right of an individual aggrieved to bring a private action have been found to coexist).

Plaintiff sufficiently alleges the Second Cause of Action against Defendants, and may bring a private action under the RPTL. PHH's Partial Motion on these grounds should therefore be denied.

## V.     PHH'S MOTION TO STRIKE THE CLASS ALLEGATIONS IN PLAINTIFF'S STATE LAW CLAIMS MUST BE DENIED

PHH makes no plausible argument that warrants its far-reaching request to strike the class allegations of Plaintiff's state law claims. CPLR section 901(b) has no bearing on this case, as Rule 23 governs class actions in federal court and this section does not apply to claims arising under GBL section 349. Further, the three-year class period alleged in the complaint tracks the three year statute of limitations of GBL section 349 and should not be modified. There are simply no grounds to strike the class allegations in Plaintiff's state law claims.

8

1. **CPLR Section 901(b) Does Not Have Any Bearing On Plaintiff's State Law Claims.**

PHH misunderstands both the procedural and substantive reach of CPLR section 901(b). Not only is CPLR section 901(b) a state law regarding class certification that does not apply in actions governed by FRCP 23 (such as this case), but New York Courts have held this section does not apply to causes of action for violation of GBL section 349. As such, there are no grounds to strike the class allegations in Plaintiff's state law claims.

First, Federal Rule of Civil Procedure 23, and not New York state civil procedure, governs the maintenance of class actions in federal court. The Federal Rules of Civil Procedure, including Rule 23 authorizing class actions, apply in all civil actions except when Congress has decided otherwise. *Moore's Federal Practice - Civil* § 23.04. "[W]here the matter in question is one covered by the Federal Rules of Civil Procedure, 'it is settled that . . . the Federal Rule applies regardless of contrary state law.'" Com/Tech Commun. Tech., Inc. v. Wireless Data Sys., Inc., 163 F.3d 149, 150-51 (2d Cir. 1998) (quoting Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427 (1996)). While PHH may point to cases concluding that "§ 901(b) is a matter not covered by Federal Rule of Civil Procedure 23," Holster v. Gatco, Inc., 485 F. Supp. 2d 179, 185 (E.D.N.Y. 2007), those cases are not applicable to the present case because the 901(b) does not prohibit class actions under GBL section 349.[6]

---

[6] "Clearly, this was the intent of the Legislature when it enacted General Business Law § 349 (h) (*see, e.g.*, Sponsor's mem, Assembly Bill 7223-B; letter dated May 23, 1980, of Senator Bruno, Chairman, Standing Comm on Consumer Protection)." Super Glue Corp. v. Avis Rent A Car System, Inc., 132 A.D.2d 604, 606 (N.Y. App. Div. 1987)

Second, PHH cites cases that all deal with the application of section 901(b) to New York General Business Law section 340. As New York's antitrust statute, section 340 is wholly distinct from GBL section 349. In point of fact, New York courts have specifically held that section 901(b) does not apply to section 349 class actions. See Cox v. Microsoft Corp., 8 A.D.3d 39, 40 (N.Y. App. Div. 2004); Super Glue Corp. v. Avis Rent A Car System, Inc., 132 A.D.2d 604, 606 (N.Y. App. Div. 1987) ("the weight of authority holds that a class action may be maintained to recover actual damages and injunctive relief pursuant to General Business Law § 349").

In the recent case of Lawlor v. Cablevision Systems Corp., 15 Misc. 3d 1111(A), 839 N.Y.S. 2d 433 (N.Y. Sup. Ct. 2007), the court held that a GBL section 349 class action seeking damages for the improper imposition of taxes for providing internet access was not prohibited by section 901(b):

> Lawlor is not seeking to recover the statutory minimum or treble damages. Rather he is seeking to recover the taxes he asserts that he and the other class members were required to pay as a result of their Internet service being provided by a telecommunications provider. There are actual damages which can appropriately be pursued by a class.

As in Lawlor, the Plaintiff here seeks the recovery of the tax service fee improperly charged by PHH as damages along with injunctive relief. Thus, section 901(b) does not apply to Plaintiff's GBL section 349 claims and has no bearing on any of the class certification issues in this case.

2. **PHH's Request That The Court "Modify" The Class Definition Is Improper And The Three-Year Class Period Stated In The Complaint Is Appropriate And Should Not Be Stricken.**

PHH's "mo[tion] for modification of the class with respect to Plaintiff's First Cause of Action for alleged violation of RESPA, 12 U.S.C. § 2607" is improper and should be denied. While Plaintiff does not dispute that section 2607 carries a one-year statute of limitations, GBL section 349 carries a three-year statute of limitations. Gaidon v. Guardian Life Ins. Co. of Am., 96 N.Y. 2d 201, 210 (2001). Given that Plaintiff's

allegations under GBL section 349 for deceptive business practices are based on the same facts that give rise to the RESPA violation—that Plaintiff was charged a tax service fee for a service that was not provided—a three-year class period is necessary and appropriate.

In fact, any "modification" of Plaintiff's class definition is not a valid basis for a Rule 12(b)(6) motion or motion to strike. The issue of differing statutes of limitations only affects whether a subclass should be specified for those class members entitled to the remedies provided for by RESPA. Under Rule 23(c), whether any sub-classes should be formed is dealt with at the class certification stage, or when otherwise deemed appropriate by the Court at some time thereafter. Green v. Wolf Corp. 406 F.2d 291, 298 (2nd Cir. 1968) (explaining the court should allow the class to proceed with the possibility that its order might be amended later to create subclasses) (citing Brennan v. Midwestern Life Insurance Co., 259 F. Supp. 673 (N.D. Ind. 1966)). The three-year class period, as alleged in the Complaint, is proper, and the creation of sub-classes, to the extent necessary, should be addressed when Plaintiff moves for class certification.

## VI.     CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request the Court deny PHH's Partial Motion in its entirety. In the alternative, Plaintiff respectfully requests leave to amend.

DATED: May 28, 2008                                            Respectfully submitted,

**ATTORNEYS FOR PLAINTIFFS**

By:_____/s/ Gillian Wade_____
Stuart E. Nahas, Esq.
ZRAICK, NAHAS & RICH
303 Fifth Avenue
New York, New York 10016
(212) 686-0855

Wayne S. Kreger, Esq.
Gillian L. Wade, Esq.

11

12

MILSTEIN, ADELMAN & KREGER, LLP
2800 Donald Douglas Loop North
Santa Monica California 90405
(310) 396-9600