IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RENEE SMITH,<br>Individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>PHH CORPORATION, *et al.*,<br><br>　　　　　Defendants. | Case No.: 08-CV-3018 (JGK)(MHD)<br><br>**DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR PARTIAL MOTION TO DISMISS COMPLAINT AND MOTION TO STRIKE AND/OR MODIFY CLASS ALLEGATIONS** |

Daniel F. Markham (DM 8431)
COUGHLIN DUFFY LLP
Wall Street Plaza
88 Pine Street, 5th Floor
New York, New York 10005
Telephone: (212) 483-0105
Facsimile: (212) 480-3899
dmarkham@coughlinduffy.com

David M. Souders (admitted *pro hac vice*)
WEINER BRODSKY SIDMAN KIDER PC
1300 19th Street, NW, Fifth Floor
Washington, DC 20036
Telephone: (202) 628-2000
Facsimile: (202) 628-2011
souders@wbsk.com

Attorneys for Defendants PHH Corporation
and PHH Mortgage Corporation

# INTRODUCTION

Plaintiff's opposition completely misses the mark. Plaintiff devotes two pages of her response discussing the liberal pleading rules for complaints and the legal standard courts should apply in reviewing Rule 12(b)(6) motions to dismiss.[1] Despite this lengthy recitation of the rules and standards, the remainder of her opposition demonstrates that, in fact, plaintiff has not met the requisite pleading standards for most of her claims. The opposition confirms that the Complaint is devoid of any factual predicates for maintaining this action against the parent company, PHH Corporation. In addition, plaintiff's opposition does not save her Second Cause of Action for alleged violation of New York State Real Property Tax Law § 952 *et seq*. If anything, the opposition makes clear that plaintiff has pled herself outside the statute and, in any event, there is no private right of action available for plaintiff to pursue her claim. Plaintiff's response to defendants' request to strike the class allegations in her state law claims is baffling in that it completely ignores the basis for defendants' motion to strike – *i.e.*, the fact that plaintiff is seeking treble damages on behalf of the class in violation of C.P.L.R. § 901(b). At no point in her brief does plaintiff address this argument or even acknowledge the fact that she is seeking treble damages on behalf of a class. It is well established, however, that plaintiff's class allegations are unsustainable because plaintiff cannot seek punitive damages on behalf of a class for her state law claims. Finally, plaintiff raises no colorable argument to defendants' contention that her putative RESPA class should be limited to one year.

---

[1] Plaintiff's recitation of the legal standard is not entirely correct. While plaintiff contends that dismissal under Rule 12(b)(6) "is proper only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief,'" Opp. at 2, that proposition is no longer true. The United States Supreme Court, in its recent decision in *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955 (2007), held that the "no set of facts" standard of *Conley v. Gibson*, 355 U.S. 41 (1957) "is best forgotten as an incomplete, negative gloss on an accepted pleading standard" and is "not the minimum standard of adequate pleading to govern a complaint's survival." 127 S. Ct. at 1969.

## ARGUMENT

### I. THERE ARE NO FACTUAL PREDICATES FOR MAINTAINING THIS ACTION AGAINST PHH CORPORATION

As set forth in defendants' opening memorandum, plaintiff has failed to allege that PHH Corporation, the parent corporation of PHH Mortgage, was involved in any way with the disclosure or collection of the tax service fee she is challenging. Moreover, plaintiff does not plead any facts that would support a theory of liability against PHH Corporation.

In response, plaintiff cites to the various allegations of the Complaint wherein she alleges that "Defendants" were involved in the charging and collecting of the tax service fee. As pointed out in defendants' motion, however, this generic lumping together of defendants is defeated by the more specific allegations that plaintiff dealt with others (PHH Mortgage, her mortgage broker, the title company), and not PHH Corporation, in connection with the disclosure and connection of the allegedly improper fee.

With respect to facts that would support a theory of liability against the parent, plaintiff claims: "The Complaint further alleges that, at all relevant times, PHH Corporation was the 'alter-ego or other representative' of PHH Mortgage Services, and 'was acting in such a capacity in doing the things herein complained of and alleged.'" Opp. at 4. Plaintiff's assertion is not exactly correct. Rather, the Complaint makes the following general allegation with respect to all of the defendants -- PHH Corporation, PHH Mortgage, and the unnamed Does 1 through 20:

> Plaintiff is informed and believes and based thereon alleges that at all times relevant herein each of the Defendants was the agent, servant, employee, subsidiary, affiliate, partner, assignee, successor-in-interest, alter ego or other representative of each of the remaining Defendants and was acting in such capacity in doing the things herein complained of and alleged.

Compl. ¶ 8. Not only does this statement make no sense, but it is woefully inadequate to state a claim against PHH Corporation. Indeed, by virtue of this sweeping statement, any person or

2

company that ever had anything to do with PHH Mortgage could be dragged into this litigation. As explained in defendants' opening memorandum, liability of a parent for the acts of its subsidiary must be predicated upon a showing that the corporate form has been used to perpetrate a fraud or that the parent so completely dominates the subsidiary that it can be deemed its alter ego. There are no such allegations here, and plaintiff's broad statement cannot be read to include allegations of fraud or complete domination by PHH Corporation. Absent these factual predicates, plaintiff should not be permitted to maintain this action against PHH Corporation.[2]

## II. PLAINTIFF'S OPPOSITION DOES NOTHING TO SALVAGE HER CLAIM FOR VIOLATION OF REAL PROPERTY TAX LAW § 953(4)

As established in defendants' opening memorandum, the Second Cause of Action for alleged violation of New York State Real Property Tax Law ("RPTL") § 953(4), which prohibits the imposition of a "a service charge or any other fee in connection with the maintenance of a real property tax escrow account," should be dismissed for failure to state a claim and because there is no private right of action for enforcement of § 953(4).

In her opposition, plaintiff conveniently ignores the fact the she concedes in her Complaint that the statute has no application to cooperative forms of ownership, Compl. ¶ 32, and that there is no tax escrow account created in connection with a loan on a cooperative apartment. Compl. ¶ 15. More to the point, plaintiff was never charged a fee for the creation of such an account; rather, she was charged a tax service fee for the purpose of determining the tax status of the entire cooperative entity of which plaintiff's unit is a part. Further, she inexplicably attributes to defendants an argument they did not even raise in their opening memorandum. *See*

---

[2] Contrary to plaintiff's assertion that defendants are seeking the "drastic and disfavored request that PHH Corporation be dismissed with prejudice," Opp. at 6, in fact, defendants have not requested that the dismissal of PHH Corporation be "with prejudice."

3

Opp. at 6 ("PHH's basic argument is that the statute only applies where real property is involved, and therefore, PHH cannot be liable for a violation of the statute because Plaintiff alleges she was charged a tax service fee attendant to loan [sic] on personal property (ie, cooperative property)."). PHH has never made this argument.

The undeniable fact is that plaintiff has pled herself outside the parameters of the statute. Indeed, this conclusion is reinforced by her statement in the opposition that "[t]his action, however, challenges that PHH charges for the creation of a tax escrow account on personal property (i.e., shares of a cooperative corporation), **but PHH never creates a tax escrow account**, because doing so is pointless and improper for loans secured against cooperative property." Opp. at 6-7 (emphasis added). Simply put, without the existence of a tax escrow account, the prohibitions of RPTL § 953(4) are not applicable.[3]

An additional reason for dismissal of the Second Cause of Action is the fact that there is no private right of action for enforcement of RPTL § 953(4). In response to defendants' argument that the Attorney General is vested with exclusive enforcement authority for § 953(4), plaintiff asserts that the language of the statute providing that the Attorney General "may" enforce Section 953 "does not connote 'sole authority' and that enforcement by the Attorney General is "in addition to any private right of action under the statute." Opp. at 7. According to

---

[3] Plaintiff's "SUV analogy" is silly and does not lend support for her position. Here, the statute at issue, RPTL § 953(4), deals with the handling of real property tax escrow accounts. Obviously, if no tax escrow account is established -- and there was not one in this case -- then the statute has no application. Plaintiff's "SUV law" allowing gas stations to charge a surcharge on SUVs is not analogous because all vehicles, not just SUVs, need to obtain gasoline. Moreover, if a law was enacted to "allow" gas stations to assess surcharges on SUVs, it would not be a *per se* violation of that particular law for a gas station to assess the surcharge on motorcycles. Stated otherwise, in the absence of specific statutory language prohibiting the assessment of the surcharge on motorcycles or other vehicles, the assessment on motorcycles may be a violation of the state's consumer protection statute or some other law but would not constitute a violation of the "SUV law."

4

plaintiff, "the statute provides a dual enforcement mechanism whereby both private individuals and the attorney general may bring an action under the Act." Opp. at 8.

Plaintiff's argument that the statute be read as providing for "dual enforcement" is unpersuasive in light of the fact that the Legislature has specified which rights the Attorney General may enforce and which ones may be enforced directly by mortgagors. As pointed out in defendants' opening memorandum, private actions are authorized under § 956(1) when a mortgage investing institution fails to pay a mortgagor's property taxes in a timely manner, and plaintiff makes no such allegation here. And rightly so, since no tax escrow account was set up in connection with plaintiff's loan, nor was plaintiff charged a fee to set up such an account. For § 953(4) violations, it is the Attorney General who is vested with enforcement authority pursuant to § 957(1). The fact that § 957(1) uses the term "may" to denote the Attorney General's enforcement authority simply means that the Attorney General has the discretion to decide whether to enforce the statute; it does not give private parties an implied right of action to enforce the statute.

Plaintiff asserts that the case of *Goshen v. Mutual Life Ins. Co. of N.Y.*, 98 N.Y.2d 314 (2002) stands for the proposition that the rights of both the Attorney General and private parties to enforce a statute "have been found to coexist." Opp. at 8. Unlike the statute at issue in this case, however, the statute at issue in *Goshen*, GBL § 349, explicitly provides a private right of action in addition to the Attorney General's enforcement authority. As explained by the *Goshen* court, "In an attempt to broaden the effectiveness of the statute, in 1980 a private right of action was provided to 'any person who has been injured by reason of any violation of this section' (General Business Law § 349 [h])." 98 N.Y.2d at 324. Thus, contrary to plaintiff's claim,

5

*Goshen* does not lend support for her contention that she and the Attorney General have "co-existing" rights to enforce § 953(4) violations.

### III. PLAINTIFF MISUNDERSTANDS DEFENDANTS' MOTION TO STRIKE THE CLASS ALLEGATIONS IN PLAINTIFF'S STATE LAW CLAIMS

While plaintiff asserts that "PHH misunderstands both the procedural and substantive reach of CPLR section 901(b)," Opp. at 9, in fact, it is plaintiff that miscomprehends the statute. According to plaintiff, "Not only is CPLR section 901(b) a state law regarding class certification that does not apply in actions governed by FRCP 23 (such as this case), but New York Courts have held this section does not apply to causes of action for violation of GBL section 349." Opp. at 9. Plaintiff is wrong on both counts.

First, plaintiff's contention that C.P.L.R. § 901(b) does not apply to class actions filed in federal court under Fed. R. Civ. P. 23 is incorrect. As discussed at length by the Court in *Leider v. Ralfe*, 387 F. Supp. 2d 283 (S.D.N.Y. 2005):

> Under *Erie*, federal courts should obtain results substantially similar to those reached by state courts considering the same cause of action, and should avoid application of federal law if that application would significantly encourage forum shopping by prospective out-of-state litigants. Courts have concluded that N.Y. C.P.L.R. § 901(b) must apply in a federal forum because it would contravene both of these mandates to allow plaintiffs to recover on a class-wide basis in federal court when they are unable to do the same in state court.

*Id.* at 291 (internal quotations and citations omitted). According to the *Leider* Court, "the bulk of cases to address the applicability of N.Y. C.P.L.R. § 901(b) have decided that the statute is substantive and applies with equal force in federal litigation." *Id.* (citing cases).

Second, plaintiff's argument that C.P.L.R. § 901(b) does not prohibit class actions under GBL § 349 misses the point. Defendants have never asserted that § 901(b) prohibits class actions under GBL § 349. Instead, defendants have pointed out that § 901(b) prohibits class actions *seeking treble damages*, whether brought under GBL § 349 or some other statute.

6

Plaintiff fails to address this argument or the cases cited by defendants. Moreover, the recent case cited by plaintiff, *Lawlor v. Cablevision Systems Corp.*, 15 Misc. 3d 1111(A), 839 N.Y.S.2d 433 (N.Y. Sup. Ct. 2007), actually supports defendants' position because, as the court notes in allowing the § 901(b) action to proceed, "[Plaintiff] is **not** seeking to recover the statutory minimum or treble damages." *Id.* (empasis added).

Therefore, because plaintiff is seeking treble damages in connection with her state law claims, the Court should strike her class allegations.

### IV.  PLAINTIFF'S PURPORTED RESPA CLASS SHOULD BE LIMITED IN SCOPE

Even though plaintiff concedes that her RESPA claim is subject to a one-year statute of limitations, she nonetheless argues that it is "improper" for defendants to request that the scope of the RESPA class be limited to one year at this time. Opp. at 10. According to plaintiff, because she is asserting her claims under GBL § 349 as well, which has a three-year statute of limitations, the Court should wait until the class certification stage to determine whether any subclasses should be created. Contrary to plaintiff's assertion, defendants take the position that because all of her other class allegations should be stricken (because she is seeking treble damages), the only remaining putative class will be the RESPA class and it is subject to a one-year statute of limitations. Accordingly, it would be appropriate for the Court to limit the RESPA class.

### CONCLUSION

For all the foregoing reasons, and for those previously stated, the Court should grant defendants' motion and dismiss the Complaint in its entirety as against PHH Corporation and dismiss the Second Cause of Action with prejudice for failure to state a claim as a matter of law.

In addition, the Court should grant defendants' motion to strike and/or modify the class allegations.

                                              Respectfully submitted,

                                              WEINER BRODSKY SIDMAN KIDER PC

By:    /s/ David M. Souders
        David M. Souders (admitted *pro hac vice*)
        1300 19th Street, NW, Fifth Floor
        Washington, DC 20036
        Telephone: (202) 628-2000
        Facsimile: (202) 628-2011
        souders@wbsk.com

        Daniel F. Markham (DM 8431)
        COUGHLIN DUFFY LLP
        Wall Street Plaza
        88 Pine Street, 5th Floor
        New York, New York 10005
        Telephone: (212) 483-0105
        Facsimile: (212) 480-3899
        dmarkham@coughlinduffy.com

        Attorneys for Defendants PHH Corporation and PHH Mortgage Corporation

Dated: June 4, 2008

M:\8549\60\lsbv663mem(reply).doc

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2008, I caused a true and correct copy of the foregoing Defendants' Reply in Further Support of Their Partial Motion to Dismiss and Motion to Strike and/or Modify Class Allegations to be electronically filed and served upon the following counsel of record:

Stuart E. Nahas, Esq.
ZRAICK, NAHAS & RICH
303 Fifth Avenue
New York, NY 10016

Wayne S. Kreger, Esq.
MILSTEIN, ADELMAN & KREGER, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

/s/ David M. Souders
David M. Souders (admitted *pro hac vice*)